UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SALEEM MUHMMAUD,<br>　　　　Plaintiff, | :<br>:<br>: | 
| v. | : |
| THERESA C. LANTZ, et al.,<br>　　　　Defendants. | :<br>:<br>: |

PRISONER
CASE NO. 3:10-cv-591 (VLB)

## INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). He names as defendants Theresa C. Lantz, Carol Salsbury, Brian K. Murphy, Mary Marcial, Michael Lajoie, Wayne Choinski, Major Rose, Major Light, Major Rodriguez, Jeffrey McGill, Counselor Szaban, Counselor Supervisor Bradway, Captain Zacharewich, Captain Hines, Lieutenant P. Germond, Lieutenant Yolanda Ortero, Counselor Bellrose, Correctional Officer Smith and Correctional Officer Moyers. The plaintiff alleges that, while he was a pretrial detainee, he was issued and found guilty of a disciplinary report based on conduct occurring while he was in the custody of State Judicial Marshals in a courthouse lock-up. As a result of the guilty finding, he was required to return to Phase One of the Administrative Segregation Phase Program. The plaintiff contends that the actions of the defendants in connection with this incident were intended to punish and retaliate against him.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary

relief from a defendant who is immune from such relief.  Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is  plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  But "'[a] document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)).

After careful consideration, the court concludes that the allegations warrant service of the complaint and an opportunity for the plaintiff to address defendants' response to the complaint.

Although the plaintiff named all defendants in their official and individual capacities in the complaint, he has moved to withdraw all official capacity claims.  Thus, the Court will order service on the defendants in their individual capacities only.  The plaintiff also has filed a motion seeking service of the complaint.  The

plaintiff has been granted leave to proceed in forma pauperis in this action. Thus, he is entitled to have the court effect service without filing any motion. The plaintiff's motion for service is denied as moot.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The plaintiff's motion for service [Doc. #3] is DENIED as moot and his motion to withdraw all claims against the defendants in their official capacities [Doc. #6] is GRANTED.

(2) The Pro Se Prisoner Litigation Office shall verify the current work addresses for each defendant with the Department of Correction Office of Legal Affairs, mail waiver of service of process request packets to each defendant in his or her individual capacity within fourteen (14) days of this Order, and report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)     The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(9)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

                         IT IS SO ORDERED.

                         /s/
                         Vanessa L. Bryant
                         United States District Judge

Dated at Hartford, Connecticut:  May 24, 2010.